**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 09-20272

FRANCIS A. SHARRAK,

    Defendant.
                                                      /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION OF DETENTION ORDER**

On August 30, 2010, Defendant filed a "Motion for Reconsideration of Detention Order" arguing that he poses no risk of flight or danger to others. Defendant contends that his compliance while under bond and his strong connection with his family obviate any risk of flight. In support, he references the Pretrial Services Agency's recommendation that this court consider home confinement. Defendant also points to his mental condition in seeking reconsideration. On September 3, 2010, the Government's responded, arguing that Defendant's potential access to funds and admitted international connections create an unjustifiable risk of flight prior to sentencing.

Under the Bail Reform Act, a person awaiting sentencing is to be detained unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). The court is persuaded that Defendant poses no danger to the

safety of anyone other than, possibly, himself.  The court is not persuaded by clear and convincing evidence that Defendant is not likely to flee.

Defendant's assertion that he has no access to substantial funds is insufficient to assuage this court's lingering concerns regarding the potentially large sums for which Defendant has been unable to account.  Defendant acknowledged that much of the funds in question had been held in or passed through off-shore accounts, further increasing the risk of flight.  Defendant's familial bonds to this district must also be weighed against his family connections to a non-extradition jurisdiction.  Were Defendant to flee to Lebanon and access funds held in the Bahamas, he would be entirely beyond the reach of this or any other U.S. court.  In light of the preceding, this court cannot find by clear and convincing evidence that Defendant would not pose a flight risk if released on bond, subject to home confinement and electronic monitoring.

Finally, this court's concerns over Defendant's mental health will not persuade it to grant Defendant's motion.  Defendant is currently in a facility capable of administering the medication he requires.  Although confinement pending sentencing is unlikely to prove salutary to anyone's mental health, the court recognizes that it may be particularly detrimental to Defendant.  Should his condition substantially worsen before sentencing, this court may take steps to prevent further deterioration.  Accordingly,

IT IS ORDERED that Defendant's "Motion for Reconsideration of Detention Order" [Dkt. # 54] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2010, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-20272.SHARRAK.Deny.Reconsideration.nkt.wpd