**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 09-20272

FRANCIS A. SHARRAK,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION FOR MISCELLANEOUS RELIEF**

Defendant was convicted of federal crimes on August 24, 2010, and is currently held in the Wayne County Jail pending sentencing. On November 2, 2010, Defendant filed a motion seeking access to certain medical care. Specifically, Defendant asks this court to order the jail and the U.S. Marshals to transport Defendant to his personal dentist, to allow family members to bring Defendant's medications to him, and to administer a list of medications in specific dosages at set times. On November 16, 2010, the Government filed a response opposing Defendant's motion on the ground that it fails to state a claim over which this court may exercise jurisdiction. Because the court agrees with the Government that it lacks jurisdiction, it will deny Defendant's motion.

Defendant challenges only the conditions of his confinement. He alleges neither that his confinement itself is unconstitutional nor that the conditions are unconstitutional. As Defendant has not yet been sentenced, his rights during pretrial detainment are reviewed under the *Bell v. Wolfish*, 441 U.S. 520 (1979). Defendant's challenge to the

conditions of confinement must be considered under the Due Process Clause of the Fifth Amendment. Id. at 535. The necessity of confinement has already been determined by this court, so the issue is whether the conditions of confinement effect a punishment. *Id.* at 534. In deciding this issue, the court must consider the need for restrictions and regulations to maintain safety and order within the prison. *Id.* at 546. The court is convinced that the restrictions complained of by Defendant are "reasonably related to a legitimate governmental objective" and, therefore, do not "amount to 'punishment.'" *Id.* at 539.

     Were the Wayne County Jail required to meet the medical needs of those confined therein according to the terms and demands of each individual, this would no doubt consume a great deal of the available resources. Defendant's list of medications includes no fewer than fourteen distinct administrations of medication at three different times each day. Likewise, Defendant's request to visit his personal dentist would require his secure transportation to and from the office, as well as scheduling the appointment. Both of these requests would cause the facility's ordinary operations to grind to a halt if repeated by each person in custody there. Defendant's third request—that his family be allowed to bring his medication to him from outside the jail—would likewise be impracticable as a matter of general application. Without imputing any improper motives in this particular instance, it is obvious that allowing those in custody to receive drugs from outside the facility would inevitably lead to a substantial rise in the presence of contraband within the prison and "would increase the risk of thefts, gambling, and inmate conflicts." *Id.* at 556. All of the restrictions of which

Defendant complains are reasonably related to legitimate interests of the jail administrators in maintaining the order and safety of the facility. Accordingly,

IT IS ORDERED that Defendant's motion for miscellaneous relief [Dkt. # 97] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 22, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-20272.SHARRAK.Deny.Miscellaneous.Relief.nkt.wpd